**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BENEVIS CORP., *et al.*[1] | ) Case No. 20-33918 (MI) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF
AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A
CONSOLIDATED LIST OF CREDITORS AND A CONSOLIDATED LIST OF THE
30 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING THE
DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION,
AND (III) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF
THE COMMENCEMENT OF THESE CHAPTER 11 CASES**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 4, 2020 AT 4:30 PM IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN AUGUST 4, 2020.**
>
> **PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**
>
> **IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as follows: Benevis Corp. (0242); LT Smile Corporation (2818); Benevis Holding Corp. (0222); Benevis Affiliates, LLC (7420); Benevis, LLC (5524); Benevis Informatics, LLC (7833). The address of the Debtors' headquarters is 1090 Northchase Parkway S.E., Suite 150, Marietta, GA 30067.

> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT "BENEVIS CORP. ET AL" FROM THE LIST OF CASES, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto, (a) authorizing the Debtors to file a consolidated creditor matrix and list of the 30 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information, and (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007 and 6003, and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

5. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for

2

relief under chapter 11 of the Bankruptcy Code.

6.  The Debtors provide non-clinical business support services to 150+ dental offices, each owned and operated by 56 professional corporations (each a "PC") , pursuant to Practice Business Services Agreements. The PCs offer patients general dentistry and specialty care, including orthodontics and oral surgery to the pediatric Medicaid and commercial payor markets. The Debtors filed these chapter 11 cases to sell substantially all of their assets and wind down their business.

7.  A detailed description surrounding the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Scott Mell, Chief Restructuring Officer of Benevis, Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion.

**I.   Consolidated Creditor Matrix.**

8.  Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." FED. R. BANKR. P. 1007(a)(1).  Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[2]  The preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome.  The Debtors request authority to file one consolidated list of creditors (the "Creditor Matrix") for all of the Debtors.

**II.   Consolidated List of the 30 Largest General Unsecured Creditors.**

9.  Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."

---

[2]   *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas.*

FED. R. BANKR. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.[3]

### III. Redaction of Certain Confidential Information.

10. Section 107(c)(1) of the Bankruptcy Code provides that:

> the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under this title.
>
> (B) [o]ther information contained in a paper described in subparagraph (A).

11. Section 107(b) of the Bankruptcy Code provides that:

> on request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information…

Disclosure of certain identifying information may jeopardize individual privacy and perpetuate identity theft.

---

[3] Pursuant to the *Debtors' Emergency Motion for Entry of an Order Extending Time to File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, and (IV) Statements of Financial Affairs*, filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.

4

12.     Cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are former independent contractors —from the Creditor Matrix because such information could be used to perpetrate identity theft or unlawful injury to an individual.

### IV.     Service of the Notice of Commencement.

13.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code." FED. R. BANKR. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  FED. R. BANKR. P. 2002(f).

14.     Through Omni Agent Solutions, the Debtors' proposed claims, noticing, solicitation, and administrative agent, the Debtors propose to serve the Notice of Commencement, substantially in the form attached to this Motion as **Exhibit 1** (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the single Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix.  Service of a single Notice of Commencement is warranted.

### Emergency Consideration

15.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the

Petition Date.  The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines.  The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

16.     Notice of this Motion shall be given to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Counsel to New Mountain, Proskauer Rose LLP, Attn: David Hillman and Lucy F. Kweskin; (d) Counsel to BMO, Katten Muchin Rosenman LLP, Attn: Geoff King; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the state attorneys general for the District of Columbia and states in which the Debtors conduct business; (h) the United States Department of Health and Human Services; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter an order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
August 3, 2020

*/s/ Matthew D. Cavenaugh*
**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Veronica A. Polnick (TX Bar No. 24079148)
Genevieve M. Graham (TX Bar No. 24085340)
Vienna F. Anaya (TX Bar No. 24091225)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
vpolnick@jw.com
ggraham@jw.com
vanaya@jw.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to BLR 9013-1(i).

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh

## Certificate of Service

I certify that on August 3, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh

KE 64176673