## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BENEVIS CORP., *et al.*[1] | ) Case No. 20-33918 (MI) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) (Emergency Hearing Requested) |

## DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND EXECUTORY CONTRACTS AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND LEASES OR CONTRACTS ON THE LIST OF REJECTED LEASES ON SCHEDULE 1 TO THE ORDER OF LEASES OR  THE LIST OF REJECTED CONTRACTS ON SCHEDULE 2 TO THE ORDER.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")  state

as follows in support of this motion (this "Motion"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as follows: Benevis Corp. (0242); LT Smile Corporation (2818); Benevis Holding Corp. (0222); Benevis Affiliates, LLC (7420); Benevis, LLC (5524); Benevis Informatics, LLC (7833). The address of the Debtors' headquarters is 1090 Northchase Parkway S.E., Suite 150, Marietta, GA 30067.

**Relief Requested**

1.     In an effort to preserve and maximize the value of their estates, the Debtors seek entry of an order, substantially in the form attached hereto (the "Order"):  (a) authorizing the Debtors to reject certain unexpired leases of non-residential real property listed on **Schedule 1** to the Order (collectively, the "Rejected Leases") and executory contracts listed on **Schedule 2** to the Order (collectively, the "Rejected Contracts") effective as of the Petition Date (the "Effective Rejection Date"); and (b) granting related relief, including permitting the Debtors to abandon certain personal property located on the premises associated with the Rejected Leases (the "Personal Property").

**Jurisdiction and Venue**

2.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 365(a), and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6004, 6006, 6007, and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5.     On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2

As of the date hereof, no party has requested the appointment of a trustee or examiner in these Chapter 11 Cases, and no committee has been appointed under section 1102 or the Bankruptcy Code.

6.      The Debtors make up a leading Dental Support Organization that provides non-clinical business support services to 150+ dental offices in 16 states and the District of Columbia. These supported dental offices (the "PCs") treat over 2 million patients annually.  The PCs offer patients general dentistry and specialty care, including orthodontics and oral surgery to the pediatric Medicaid and commercial payor markets. The Debtors filed these chapter 11 cases to sell substantially all of their assets and wind down their business.

7.       A detailed description surrounding the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Scott Mell, Chief Restructuring Officer of Benevis, Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion.

**IV.    Unexpired Non-Residential Real Property Leases**

8.      The Debtors currently supports 155 dental practices in sixteen different states and the District of Columbia.  To preserve and maximize the value of their estates, which will inure to the benefit of all creditors, the Debtors seek to reject the Rejected Leases listed on **Schedule 1** to the Order effective as of the Effective Rejection Date.  Prior to commencing these Chapter 11 Cases, and as part of the Debtors' ongoing efforts to stabilize their businesses following closure of substantially all of the Debtors' operations due to the COVID-19 pandemic, the Debtors initiated a comprehensive review and analysis of their supported dental practices.  As a result of the initial phases of this analysis, the Debtors, in their reasonable business judgment, decided to permanently cease operations at four (4) underperforming dental practice locations and five (5) previously

closed dental practice locations (the "Rejected Practices").  Operations at the Rejected Practices were either terminated prior to the Petition Date or are in the process of being terminated.  The Debtors will no longer require the use of the non-residential real property leases for the Rejected Practices and therefore seek to reject the Rejected Leases, identified on **Schedule 1** to the Order. The Debtors also seek to abandon any Personal Property that remains on the date of entry of the Order on any of the premises of the Rejected Leases.  The relief requested herein is necessary and appropriate because not only will rejection of the Rejected Leases allow the Debtors to avoid incurring costs and expenses that are no longer integral to the Debtors' business operations, but also the Debtors do not intend to include the Rejected Leases as part of a sale of their assets and are not necessary for the Debtors to wind down their remaining operations.

## V.     Rejected Executory Contracts

9.      Prior to the Petition Date, the Debtors were parties to certain executory contracts in the ordinary course of their business operations.  The Debtors have determined that several of the executory contracts are no longer necessary to the Debtors or their estates.  The Debtors therefore seek to reject the Rejected Contracts listed on **Schedule 2** to the Order.  As part of the winding down of the Debtors' operations, it is necessary to reject the Rejected Contracts to ensure that the Debtors are able to shed unnecessary contracts and leases and comply with their wind down budget by limiting potential administrative expense claims, and confirm a plan of liquidation.

## Basis for Relief

## I.     The Rejection of the Rejected Leases and Rejected Contracts Constitutes Sound Exercise of the Debtors' Reasonable Business Judgment.

10.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, as follows: "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  Rejection under section 365 is generally intended to

4

enable a debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts and leases in order to preserve and maximize the value of the bankruptcy estate. *See Stewart Title Guar. Co. v. Old Rep. Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (citation omitted).   Bankruptcy courts use the business judgment standard to determine whether to approve a lease or contract rejection. *See Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Grp. of Institutional Inv. v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'").

11.     The "business judgement" test merely requires a showing that rejection of the unexpired lease or contract will benefit the debtor's estate. *See In re Pisces Energy, LLC*, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered."); *In re Trans World Airlines*, 261 B.R. 103, 121 (Bankr. D. Del. 2003) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'") (quoting *Wheeling-Pittsburgh*, 72 B.R. at 849–50); *In re Trans World Airlines, Inc.*, No. 01-0056, 2001, Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate).   If the Debtors' business judgment has been reasonable exercised, a court should approve the assumption or rejection of an unexpired lease of executory contract. *See, e.g., Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

12.     Rejection of the Rejected Leases and the Rejected Contracts is well within the Debtors' reasonable business judgment and is in the best interests of their estates and creditors.

As an integral component of their efforts to preserve and maximize the value of their estates and reduce their potential administrative costs in these Chapter 11 Cases by, among other things, eliminating unnecessary costs, the Debtors have determined, in their reasonable business judgment, that the Rejected Leases are burdensome and provide no economic value to their estates. Given that the Debtors no longer need and have either previously ceased or are in the process of ceasing support for the Rejected Practices that are subject to the Rejected Leases, the Rejected Leases have no economic value to the estates, and there is no business reason to justify the Debtors' continued performance under the Rejected Leases. The Rejected Leases are not assets that the Debtors intend to include as part of a sale of their assets and are not necessary for the Debtors to wind down their remaining operations. Any continued expense in maintaining the Rejected Leases and attempts to market such agreements would likely outweigh any benefit in attempting to identify a potential acquirer of the Rejected Leases and unnecessarily deplete assets of the Debtors' estates, to the detriment of creditors. In contrast, rejection of the Rejected Leases will represent a significant monthly cost savings to the Debtors' estates moving forward.

13. In addition, the Debtors no longer require the goods and/or services provided to the Debtors under the Rejected Contracts. The Rejected Contracts accordingly have no economic value to the estates, and there is no business reason to justify the Debtors' continued performance under the Rejected Contracts.

## II. It is Appropriate to Deem the Rejected Leases and Rejected Contracts as Rejected on the Effective Rejection Date.

14. The Debtors request that the rejection of the Rejected Leases and Rejected Contracts be applied retroactively to the Effective Rejection Date. Although section 365 of the Bankruptcy Code does not specifically address whether this Court may order rejection to be applied retroactively, many courts have held that bankruptcy courts may exercise discretion to

6

authorize rejections to be effective to a date prior to entry of the order authorizing such rejection where the balance of the equities favor such relief. *See In re Cafeteria Operators, L.P.*, 299 B.R. 384 (Bankr. N.D. Tex. 2003) (approving rejection of closed restaurants retroactively to the later of the date the motion to reject was filed or the date the leased space was vacated).

15.     The equities weigh in favor of granting the relief requested with respect to the Rejected Leases and Rejected Contracts as of the Effective Rejection Date because (i) the Rejected Leases and Rejected Contracts do not provide—and have not provided for some time—any benefit to the Debtors' estates; (ii) the Debtors ceased operations on the premises associated with certain of the applicable Rejected Leases well before the Petition Date; (iii) this Motion is set to be heard within 30 days of the Petition Date; (iv) failure to grant the relief as requested would result in the Debtors incurring unnecessary administrative costs associated with the Rejected Leases and Rejected Contracts.

### III.   The Personal Property is De Minimis in Value and Burdensome to Remove from the Premises; Abandonment will not Prejudice the Lessors.

16.     Pursuant to section 554(a) of the Bankruptcy Code, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Any personal property or furniture, fixtures, and equipment remaining at the leased premises on the date of the entry of the Order (the "Remaining Property") shall be deemed abandoned by the Debtors.  Prior to entry of the Order, the Debtors will work to remove personal property and patient files from the Rejected Practices.  Nothing in the proposed Order granting this Motion shall limit, affect, or impair the rights, liens, claims, encumbrances, and interests of any person (including, without limitation, the landlords) in such Remaining Property under non-bankruptcy law, and any such person may exercise such rights, liens, claims, encumbrances, and interests in the Remaining Property, in such

7

person's discretion, without further notice or order from this Court, without any liability to the Debtors, and without waiver of any claim such person may have against the Debtors.

## IV.     Requirements of Bankruptcy Rule 6006(f)

17.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f).  *See* FED. R. BANKR. P. 6006(e).  Motions to assume or reject multiple executory contracts or unexpired leases must satisfy six requirements.  *See* FED. R. BANKR. P. 6006(f).  These requirements are procedural in nature.   A motion to reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    a.     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.     list parties alphabetically and identify the corresponding contract or lease;

    c.     specify the terms, including the curing of defaults, for each requested assumption or assignment;

    d.     specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    e.     be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    f.     be limited to no more than 100 executory contracts or unexpired leases.

FED. R. BANKR. P. 6006(f).

18.     The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to unexpired leases and executory contracts.  This Motion, together with **Schedule 1** and **Schedule 2** to the Order, satisfies the procedural requirements of Bankruptcy Rule 6006(f).  The omnibus rejection of the Rejected Leases and Rejected Contracts should be approved, and the Debtors should be authorized to reject the Rejected Leases, identified on

**Schedule 1** to the Order, and the Rejected Contracts, identified on **Schedule 2** to the Order, consistent with the terms set forth herein.

## Notice

19.     Notice of this Motion shall be given to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Counsel to New Mountain, Proskauer Rose LLP, Attn: David Hillman and Lucy F. Kweskin; (d) Counsel to BMO, Katten Muchin Rosenman LLP, Attn: Geoff AuYeung; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the state attorneys general for the District of Columbia and the states in which the Debtors conduct business; (h) the United States Department of Health and Human Services; (i) the landlords or lessors to the Rejected Leases; (j) the contract counterparties to the Rejected Contracts; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

### Conclusion

The Debtors request that the Court enter the Order granting the relief requested in this

Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
August 3, 2020

/s/ *Matthew D. Cavenaugh*
**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Veronica A. Polnick (TX Bar No. 24079148)
Genevieve M. Graham (TX Bar No. 24085340)
Vienna F. Anaya (TX Bar No. 24091225)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:          mcavenaugh@jw.com
                vpolnick@jw.com
                ggraham@jw.com
                vanaya@jw.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

10

**<u>Certificate of Service</u>**

I certify that on August 3, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh