<table>
<tr><td><strong>Fill in this information to identify the case</strong>:</td></tr>
</table>

| | |
|---|---|
| United States Bankruptcy Court for the: | |
| Southern District of Texas | |
| (State) | |
| Case number *(if known)*: 20-33918   Chapter 11 | |

⊠ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | **Benevis Corp.** |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Benevis Acquisition Corp., NCDR Acquisition Corp., Kool Smiles Acquisition Corp.** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | <u>**20-1670242**</u> |

**4.  Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **1090 Northchase Parkway SE** | |
| Number          Street | Number          Street |
| **Suite 150** | |
| | P.O. Box |
| **Marietta**          **GA**     **30067** | |
| City                State    Zip Code | City                    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Cobb County** | |
| County | Number          Street |
| | |
| | City                    State    Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | www.benevis.com |
| **6.** | **Type of debtor** | ⊠ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: |

Debtor    **Benevis Corp.**                                    Case number *(if known)*    20-33918
          Name

7.  **Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5611**

8.  **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____  When _____   Case number _____
                                        MM/DD/YYYY

         District _____  When _____   Case number _____
                                        MM/DD/YYYY

| Debtor | **Benevis Corp.** | Case number *(if known)* | 20-33918 |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | |
|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **Southern District of Texas** | |
| | | When | **8/2/2020** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | |
|---|---|
| | Number        Street |
| | _____ |
| | City        State   Zip Code |

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency  _____
Contact name  _____
Phone  _____

---

| | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

[1]   The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

26494224v.1

| Debtor | **Benevis Corp.** | Case number *(if known)* | 20-33918 |
|---|---|---|---|
| | Name | | |

| 15. Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **08/03/2020**
                MM/ DD / YYYY

× **/s/ Scott Mell**                                    **Scott Mell**
Signature of authorized representative of debtor      Printed name

Title      **Authorized Signatory**

**18. Signature of attorney**

× **/s/ Matthew D. Cavenaugh**                    Date      **08/03/2020**
Signature of attorney for debtor                           MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**JACKSON WALKER L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number                Street

**Houston**                                    **Texas**        **77010**
City                                           State          ZIP Code

**(713) 752 -4200**                            **mcavenaugh@jw.com**
Contact phone                                  Email address

**24062656**                                   **Texas**
Bar number                                     State

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case</strong>:</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br><strong>Southern District of Texas</strong><br>(State)</td></tr>
<tr><td>Case number <em>(if known)</em>:</td><td>20-33918    Chapter  11</td></tr>
</table>

,

☒ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Benevis Corp.

- LT Smile Corporation (Case No. 20-33923)
- Benevis Holding Corp. (Case No. 20-33920)
- Benevis Affiliates, LLC (Case No. 20-33919)
- Benevis, LLC (Case No. 20-33922)
- Benevis Informatics, LLC  (Case No. 20-33921)

26494224v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )  Chapter 11 |
| | ) |
| BENEVIS CORP., | )  Case No. 20-33918 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Benevis Corp. | Benevis Holding Corp. | 1090 Northchase Parkway SE Suite 150 Marietta, GA 30067 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

26494224v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BENEVIS CORP., | ) | Case No. 20-33918 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Benevis Holding Corp. | 100% |

26494224v.1

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Benevis Corp. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): 20-33918 | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▊ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **08/03/2020** | ☒ */s/ Scott Mell* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Scott Mell** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

26494224v.1

| Debtor name | Benevis Corp. |
|---|---|

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS**

Case No. (If known)

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   Henry Schein<br>P.O. Box 371952<br>Pittsburgh, PA 15250-7952 | | Trade Payable | | | | $3,671,336.72 |
| 2   Elkin Note<br>22 Lyndon Pl<br>Mellville, NY 11747 | | Trade Payable | | | | $1,762,467.00 |
| 3   Dell Financial Services LLC<br>P.O. Box 6549<br>Carol Stream, IL 60197-6549 | Abhilash Bandari<br>Email:  Abhilash.Bandari@Dell.com | Trade Payable | | | | $218,798.25 |
| 4   Littlejohn & Co., LLC<br>8 Soung Shore Dr, Ste 303<br>Greenwich, CT 06830 | | Trade Payable | | | | $187,500.00 |
| 5   Tailwind Capital<br>Attn: Syed Mohsin<br>485 Lexington Ave<br>New York, NY 10017 | Tel: 212- 271-3800  Ext. 0000 | Trade Payable | | | | $171,511.37 |
| 6   Fortyfour, LLC<br>44 Russell St NE<br>Atlanta, GA 30317 | | Trade Payable | | | | $166,835.40 |

Debtor name   **Benevis Corp.**                                          Case No. (If known) _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim<br>(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   Look Listen Creative, LLC<br>1737 Ellsworth Ind Blvd NW, Ste B-1<br>Atlanta, GA 30318 | Tel: 404- 861-0530  Ext. 0000 | Trade Payable | | | | $151,657.54 |
| 8   CIT<br>21146 Network Pl<br>Chicago, IL 60673-1211 | | Trade Payable | | | | $135,847.42 |
| 9   Veristor Systems, Inc<br>4850 River Green Pkwy<br>Duluth, GA 30096 | | Trade Payable | | | | $127,655.00 |
| 10  CDW<br>P.O. Box 75723<br>Chicago, IL 60675-5723 | Tel: 800- 800-4239  Ext. 0000<br>Email:  candeba@cdw.com | Trade Payable | | | | $120,477.24 |
| 11  Braxtel Communications<br>99 Washington St<br>Melrose, MA 02176 | Tel: 800- 370-8353  Ext. 0000 | Trade Payable | | | | $102,331.04 |
| 12  Medicor Imaging<br>1927 South Tryon St, Ste 200<br>Charlotte, NC 28203 | Tel: 704-332-5532 | Trade Payable | | | | $97,150.00 |
| 13  A/Coe Communications<br>695 Littleton Rd<br>Parsippany, NJ 07054 | | Trade Payable | | | | $88,996.12 |

Debtor name  **Benevis Corp.**                                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14  Tri-North Builders Inc<br>2625 Research Park Dr<br>Fitchburg, WI 53711 | | Trade Payable | | | | $73,732.08 |
| 15  Ariete International, Inc<br>1710 Cumberland Point Dr SE, Ste 16<br>Marietta, GA 30067 | Tel: 770-446-5757 | Trade Payable | | | | $72,623.53 |
| 16  Home Media LLC<br>1122 Oberlin Rd<br>Raleigh, NC 27605 | | Trade Payable | | | | $68,612.50 |
| 17  Marchex Inc<br>520 Pike St, Ste 2000<br>Seattle, WA 98101 | | Trade Payable | | | | $68,500.00 |
| 18  MSG Consulting, Inc<br>411 Hackensack Ave, 5th Fl<br>Hackensack, NJ 07601 | | Trade Payable | | | | $64,648.63 |
| 19  Snowcloud Partners LLC<br>645 Old Ranch Rd<br>Park City, UT 84098 | | Trade Payable | | | | $62,500.00 |
| 20  Catamaran Resort Hotel & Spa<br>Attn: Accounts Receivable<br>3999 Mission Blvd<br>San Diego, CA 92109 | | Trade Payable | | | | $62,124.25 |

Debtor name   **Benevis Corp.** _____   Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21  **ADP**<br>P.O. Box 842875<br>Boston, MA 02284-2875 | **Tel: 843- 667-1836  Ext. 0000**<br>**Email:  Johnny.Soto@ADP.com** | **Trade Payable** | | | | $60,847.39 |
| 22  **Ivision, Inc**<br>1430 W Peachtree St NW, Ste 425<br>Atlanta, GA 30309 | | **Trade Payable** | | | | $60,655.75 |
| 23  **Responsive Service & Maintenance Co.**<br>P.O. Box 29<br>Covington, LA 70434 | **Tel: 985- 893-8105  Ext. 0000** | **Trade Payable** | | | | $59,027.77 |
| 24  **The Maintenance Company**<br>8286 Cleveland Ave NW<br>North Canton, OH 44720 | **Tel: 800- 309-8857** | **Trade Payable** | | | | $51,079.45 |
| 25  **Elite Facility Services LLC**<br>5221 St Augustine Rd<br>Jacksonville, FL 32207 | | **Trade Payable** | | | | $48,727.13 |
| 26  **Glidewell Laboratories**<br>4141 Macarthur Blvd<br>Newport Beach, CA 92660 | **Tel: 800-854-7256**<br>**Email:**<br>**Angela.Wright@Glidewelldental.Com** | **Trade Payable** | | | | $47,460.95 |
| 27  **RDS Solutions, LLC**<br>99 Grayrock Rd, Ste 206<br>Clinton, NJ 08809 | **Tel: 888- 473-7435  Ext. 0000** | **Trade Payable** | | | | $43,814.33 |

Debtor name   **Benevis Corp.**                                                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  Staples Business Advantage<br>P.O.Box 405386<br>Dept Atl<br>Atlanta, GA 30384-5386 | Tel: 800- 944-6819  Ext. 0000<br>Email: Ileana.Lopez@Staples.com | Trade Payable | | | | $41,171.60 |
| 29  Cornerstone OnDemand Inc<br>Dept Ch19590<br>Palatinee, IL 60055-9590 | | Trade Payable | | | | $38,400.00 |
| 30  Linkedin Corporation<br>62228 Collections Center Dr<br>Chicago, IL 60693-0622 | | Trade Payable | | | | $36,070.83 |

**OMNIBUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OR SOLE MEMBER,
AS APPLICABLE,
OF
LT SMILE CORPORATION,
BENEVIS HOLDING CORP.,
BENEVIS CORP.,
BENEVIS AFFILIATES, LLC,
BENEVIS, LLC AND
BENEVIS INFORMATICS, LLC**

**(EACH A "COMPANY" AND COLLECTIVELY, THE "COMPANIES")**

**AUGUST 2, 2020**

The undersigned, being (a) the sole member of the Board of Directors (the "**Board**") of each of (i) LT Smile Corporation, (ii) Benevis Holding Corp., a wholly owned subsidiary of LT Smile Corporation, and (iii) Benevis Corp., a wholly owned subsidiary of Benevis Holding Corp, acting by written consent pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and (b) the sole member (the "**Member**") of each of (i) Benevis Affiliates, LLC, a wholly owned subsidiary of Benevis Corp., (ii) Benevis, LLC, a wholly owned subsidiary of Benevis Corp., and (iii) Benevis Informatics, LLC, a wholly owned subsidiary of Benevis Corp., acting by written consent pursuant to Section 18-302(d) of the Delaware Limited Liability Company Act, hereby adopts the following resolutions in lieu of holding a meeting of the Board or the Member, as applicable, and directs that this written consent (this "**Written Consent**") be filed with the minutes of the proceedings of the Board or the Member, as applicable.

## Filing of Chapter 11 Case

WHEREAS, the Board or Member, as applicable, of each Company has considered presentations by its respective Company management and the financial and legal advisors regarding the respective liabilities and liquidity of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

WHEREAS, the Board or Member, as applicable, of each Company previously appointed Scott Mell as Chief Restructuring Officer of the Company (the "**CRO**");

WHEREAS, the Board or Member, as applicable, of each Company has had the opportunity to consult with management and the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, the Board or Member, as applicable, of each Company believes that it is desirable and in the Company's best interests (including a consideration of its creditors, employees, and other parties in interest) that the Company file a voluntary petition for relief (the "**Chapter 11 Case**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

1

NOW, THEREFORE, BE IT RESOLVED, that each Company shall be, and hereby is, authorized to file, or cause to be filed, a Chapter 11 Case under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"); and it is further

RESOLVED, that the CRO – Scott Mell, CFO/Vice President/Treasurer – Scott Hornbuckle, and/or Secretary – Jerrold R. Perchik (each, an "**Authorized Signatory**" and collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each of the Companies, including in the Company's capacity as the sole member of its subsidiaries, all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of each Company's business.

## Approval of Asset Purchase Agreement and Credit Agreement

WHEREAS, the Board or Member, as applicable, of each Company believes that it is desirable and in the best interests of the Company to enter into that certain Asset Purchase Agreement, in all material respects in substantially the form provided to them by the officers of each Company but subject to higher and better bids from other qualified bidders (the "**Asset Purchase Agreement**"), by and among each of the Companies and New Benevis Holdco, Inc , a Delaware corporation or its designee or assignee or such other qualified bidder with the highest and best bid ("**Purchaser**"), whereby Purchaser shall, subject to the final approval by the Bankruptcy Court, purchase assets from each of the Companies;

WHEREAS, the Board or Member, as applicable, of each Company believes that it is desirable and in the best interests of the Company to enter into that certain Secured Superpriority Debtor in Possession Credit Agreement by and among each of the Companies as a borrower or guarantor BMO Harris Bank, N.A., as administrative agent (the "**Agent**") and the lenders named therein (the "**Lenders**") in substantially the form provided to them by the officers of each Company (the "**DIP Credit Agreement**"), which provides, among other things, for a priming, secured superpriority debtor-in-possession credit facility in an aggregate principal amount not to exceed $30,000,000 (the "**DIP Loan**"); and

WHEREAS, in connection with the DIP Credit Agreement, the lenders require that the each Company enter into (i) a Superpriority Pledge and Security Agreement in favor of the Agent for the benefit of the Lenders (the "**DIP Security Agreement**") and (ii) each other Loan Document (as defined in the DIP Credit Agreement) to which such Company is a party (the "**DIP Loan Documents**"), all in substantially the form provided to them by the officers of each Company, pursuant to which it is proposed, among other things, that each Company grant a lien in substantially all of its assets to secure its obligations under the Credit Agreement; and the undersigned have determined that it is in the best interest of each Company to grant such liens and, to the extent applicable, pledge such assets;

NOW, THEREFORE, BE IT RESOLVED, that the Asset Purchase Agreement, the DIP Credit Agreement, the DIP Security Agreement, each other the DIP Loan Document and the

transactions contemplated thereby, including without limitation the borrowing and guaranteeing of the DIP Loan and the grant of such liens (collectively, the "**Transactions**") are hereby adopted and approved in all respects; and it is further

RESOLVED, that the Authorized Signatories be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of each Company, to make, execute and deliver each of the Asset Purchase Agreement, the DIP Credit Agreement, the DIP Security Agreement and each other DIP Loan Document in the forms previously reviewed with such changes thereto, if any, as the Authorized Signatory executing the same may approve (which approval shall be conclusively evidenced by the execution of the same by such Authorized Signatory), and to execute such other instruments, agreements, amendments, certificates and documents as the Authorized Signatories, or each of them, believe to be necessary, appropriate or desirable in connection with the Transactions, and to take such further action as may be necessary or desirable to effect the purposes of the foregoing resolutions.

### Retention of Professionals

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed to employ the law firm of Jackson Walker L.L.P. ("**Jackson Walker**") as general bankruptcy counsel to represent and assist the Companies in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker; and it is further

RESOLVED, that the prior engagement and retention of Conway MacKenzie Management Services, LLC ("**Conway MacKenzie**") in accordance with the terms of the CMS Retention Letter, and election of Scott Mell as Chief Restructuring Officer, approved by the Written Consent dated June 5, 2020 are hereby acknowledged and reaffirmed and to the extent not already authorized to do so, each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed to direct Conway MacKenzie to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of Conway MacKenzie; and it is further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed to employ the firm Lincoln Partners Advisors LLC ("**Lincoln Partners**"), as financial advisor to each Company to represent and assist each Company in carrying out its duties under a sale process pursuant to Section 363 of the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers,

3

and cause to be filed an appropriate application for authority to employ or retain the services of Lincoln Partners; and it is further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper, or desirable; and it is further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of the case.

## General

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

RESOLVED, that the Board or Member, as applicable, of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and it is further

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board or Member, as applicable; and it is further

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized

Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

\* \* \* \* \*

IN WITNESS WHEREOF, the undersigned, being the sole director of each of (i) LT Smile Corporation, (ii) Benevis Holding Corp., and (iii) Benevis Corp, has executed this Written Consent as of the date first written above.

_____
Michael T. Sullivan

*Signature Page to Omnibus Consent*

IN WITNESS WHEREOF, the undersigned, being the sole member of each of (i) Benevis Affiliates, LLC, (ii) Benevis, LLC, and (iii) Benevis Informatics, LLC, has executed this Written Consent as of the date first written above.

**BENEVIS CORP**

By: _____

Name: Michael T. Sullivan

Title: Director